UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE GRAND JURY SUBPOENA | Case No. 3:22MJ____ (RMS) |
| | May 20, 2022 |

## APPLICATION FOR NONDISCLOSURE ORDER

The United States respectfully submits this application, pursuant to 18 U.S.C. § 2705(b), for an order providing that WhatsApp LLC ("Provider") may not notify any person (including the subscribers or customers of the account(s) listed in the subpoenas) of the existence of the grand jury subpoena N-21-1-77 (8) ("Subpoena") **until May 20, 2023, absent further order from the Court**.

The Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the Subpoena, which will be made available for the Court's inspection but will not be filed under seal or included in the sealing envelope. The Subpoena requires the Provider to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the Subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is reason to believe that notification of the existence of the Subpoena will result in flight from prosecution, destruction of or tampering with evidence,

intimidation of potential witnesses, and otherwise seriously jeopardizing an investigation or unduly delaying a trial.  *See* 18 U.S.C. § 2705(b).  Some of the evidence in this investigation is stored electronically.  If alerted to the existence of the Subpoena, the subjects under investigation could destroy that evidence, including information on their devices, computers, and online accounts.

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present.  For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms.  The government is proceeding here using a subpoena under 18 U.S.C. § 2703(c)(2).  Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (*i.e.,* when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer.  Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of the Subpoena, or any resulting Order of the Court, **until May 20, 2023, absent further order from the Court**, except that the Provider may disclose the Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ David T. Huang*

DAVID T. HUANG
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct30434
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: (203) 821-3700